UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOE LONG,<br><br>Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden,<br><br>Respondent. | Case No. 2:19-cv-07398-FMO-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE |

On August 15, 2019, William Joe Long ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.) As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as successive.

## I.
## BACKGROUND

The Petition challenges Petitioner's 27-year determinate sentence imposed in 2009 after Petitioner pled guilty to manslaughter. (Dkt. 1 at 2.) Petitioner challenges his sentence on the ground that he is entitled to early parole pursuant to California's Proposition 57. (Id. at 5.) California's Proposition 57, approved by voters in November 2016, expands eligibility for parole for certain felons convicted

of nonviolent crimes. See Travers v. California, No. 17-cv-06126, 2018 U.S. Dist. LEXIS 18715 at *3-5, 2018 WL 707546 at *2-3 (N.D. Cal. Feb. 5, 2018).

In October 2017, Petitioner filed a federal habeas petition in this Court also challenging his 2009 manslaughter conviction based on the grounds that: (1) it was "doubled" improperly pursuant to California Penal Code § 1170.12(a)-(d); and (2) the trial court "'unlawfully' applied a (5) year prison prior" which allegedly violated, among other provisions, the "5th Amendment 'Double Jeopardy.'" (2:17-cv-07980-FMO-KES ["Long I"], Dkt. 1 at 5-6.)

In June 2018, the Court summarily dismissed the petition in Long I, because Petitioner failed to show that it was timely. (Id., Dkts. 11 [Report and Recommendation ("R&R")], 20 [Order Accepting R&R], 21 [Judgment].)

## II.

## DISCUSSION

**A.**     **Legal Standard.**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;

2

and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

The entry of an amended judgment, however, constitutes a new, intervening judgment pursuant to which the petitioner is in custody. Gonzalez v. Sherman, 873 F.3d 763, 770 (9th Cir. 2017). A habeas petition filed after this new judgment is not second or successive, regardless of how many petitions the petitioner filed prior to the judgment. Id.

**B.     The Petition Appears to Be Successive.**

The Petition appears to constitute a second and/or successive petition challenging the same conviction as Petitioner's Long I habeas petition within the meaning of § 2244(b). Thus, it is incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new Petition prior to filing it. Without an order from the Ninth Circuit, this Court lacks subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that, on or before **October 4, 2019**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of successiveness.

Petitioner may explain, for example, if any amended judgment has been entered since he filed his petition in Long I. Petitioner may also argue that the Petition falls under one of the 28 U.S.C. § 2244(b)(2)(A) exceptions; if he does so, then Petitioner should explain how the Petition relies on a new rule of constitutional law.

DATED: September 04, 2019

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE