O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM JOE LONG,

      Petitioner,

  v.

GEORGE JAIME, Warden,

      Respondent.

Case No. 2:19-cv-07398-FMO-KES

ORDER DISMISSING ACTION FOR
FAILURE TO STATE A CLAIM

     In August 2019, William Joe Long ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.) The Petition fails to allege that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States.

## I.

## BACKGROUND

     In 2009, Petitioner was sentenced to a 27-year term of imprisonment after he pled guilty to manslaughter. (Dkt. 1 at 2.) The Petition, however, does not challenge Petitioner's 2009 conviction.[1] It "concerns Prop. #57." (Id.) As a claim

---

[1] If it did, it would be an unauthorized successive § 2254 petition. In October 2017, Petitioner filed a § 2254 petition challenging his 2009 manslaughter conviction based on the grounds that: (1) it was "doubled" improperly pursuant to California

1

1  for relief, Plaintiff alleges, "Prop. #57 signed in law allowed non-violent offenders
2  to seek early parole on the portion of the term deemed non-violent." (Id. at 5.)

3      California's Proposition 57, approved by voters in November 2016,
4  expanded eligibility for parole for certain felons convicted of non-violent crimes.
5  See Travers v. California, 2018 U.S. Dist. LEXIS 18715, 2018 WL 707546 at *2-3
6  (N.D. Cal. Feb. 5, 2018). Specifically, Proposition 57 added language to the
7  California Constitution, providing, in relevant part: "Any person convicted of a
8  nonviolent felony offense and sentenced to state prison shall be eligible for parole
9  consideration after completing the full term of his or her primary offense." Cal.
10  Const., art. I, § 32(a)(1). Proposition 57 also gave the California Department of
11  Corrections ("CDCR") the "authority to award credits earned for good behavior."
12  Cal. Const., art. I, § 32(a)(2).

13      Petitioner does not allege that he is eligible for early parole under Proposition
14  57.[2] He does not allege that the CDCR denied him early parole or credits for good
15  behavior. But even if Petitioner could amend his Petition to add such factual
16  allegations, he would still fail to state a claim for federal habeas relief.

17      On September 4, 2019, the Court issued an order to show cause why the
18  Petition should not be summarily dismissed. (Dkt. 4.) Petitioner never responded.

**II.**

**DISCUSSION**

21      Absent an independent constitutional violation, "it is not the province of a
22  federal habeas court to re-examine state-court determinations on state-law

---

24  Penal Code section 1170.12(a)-(d); and (2) the trial court "'unlawfully' applied a
25  (5) year prison prior" which violated, among other provisions, the Double Jeopardy
clause. (2:17-cv-07980-FMO-KES ["Long I"], Dkt. 1 at 5-6.) In June 2018, the
26  Court dismissed the petition in Long I as untimely. (Id., Dkts. 11 [Report and
Recommendation ("R&R")], 20 [Order Accepting R&R], 21 [Judgment].)
27  [2] Petitioner was convicted of manslaughter, a felony that California law defines as
28  "violent." Pen. Code § 667.5(c).

2

questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Bonin v. Calderon</u>, 59 F.3d 815, 841 (9th Cir. 1995) (holding that a violation of a "state law right does not warrant habeas corpus relief").

Here, at best, Petitioner alleges that he has been wrongfully deprived of some state law right affecting his eligibility for parole.  Because federal habeas corpus only provides a remedy for violations of the Constitution or laws or treaties of the United States, Petitioner's claim of state law error is not cognizable.  <u>See</u> <u>Swarthout v. Cooke</u>, 562 U.S. 216, 222 (2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."); <u>see also</u> <u>Wilson v. Biter</u>, 2018 U.S. Dist. LEXIS 106790, 2018 WL 3197815, at *2 (E.D. Cal. June 26, 2018) (dismissing claim of Proposition 57 error because it was "not cognizable under federal habeas review").

**III.**

**CONCLUSION**

This action is DISMISSED for failure to state a cognizable claim for federal habeas relief.


DATED:  November 1, 2019 _____/s/_____

FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE



Presented by:

_Karen E. Scott_____
KAREN E. SCOTT
United States Magistrate Judge